UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVF II AGGREGATOR (DE) LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ABRAHAM SHAFI, et al.,<br><br>    Defendants. | Case No. 23-cv-03834-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 45, 46, 47 |

Plaintiffs bring this action against defendants Abraham Shafi, Noah Shafi, Yassin Aniss, Alia Shafi, Shehab Amin, and Jacob Shafi under federal and state securities statutes and causes of action arising under common law. Plaintiffs allege that defendants participated in a scheme to make false and misleading statements about In Real Life's ("IRL") user data and growth strategy to induce plaintiffs to invest in the IRL platform. Currently pending are defendants' motions to dismiss the complaint. (Dkt. Nos. 45, 46, and 47). Having carefully considered the pleadings, the briefing on the motions, and for the reasons stated on the record at the April 16, 2024 hearing, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[1]

**I.    VIOLATION OF SECTION 10(B) OF THE SECURITIES EXCHANGE ACT AND SEC RULE 10B-5 (COUNT 1); VIOLATION OF SECTION 20(A) OF THE SECURITIES EXCHANGE ACT (COUNT 2)**

Plaintiffs allege seventeen actionable misrepresentations. (*See* Dkt. No. 38 (Misrepresentations Chart)). The Court groups these misrepresentations into six overlapping categories for ease of analysis on future briefing: (1) Misrepresentations Concerning User Data (Statements 1, 2, 7, and 14); (2) Measurement of User Data (Statements 6, 8, and 9); (3) User Base

---

[1] Plaintiffs fail to allege any loss or damage suffered by SB Vision Fund-II, as the entity did not purchase any IRL equity and was not party to either Purchase Agreement. (Compl. ¶¶ 84, 85.) Plaintiffs do not appear to dispute this fact, nor did they clarify this issue at oral argument. As such, the Court dismisses all claims as to SB Vision Fund-II.

Growth Methods (Statements 3, 4, and 11); (4) Payments to Allegedly Affiliated Entities (Statements 12 and 15); (5) Definition of "Session" and "MAU" (Statements 5, 10, and 13); and (6) Broad Representations in the Primary Purchase Agreement (Statements 16 and 17).

To support falsity for the statements in categories (1), (2), (3), (5), and (6), plaintiffs mostly rely on the findings of the Keystone Report and information from confidential witnesses. Although the Keystone Report's apparent access to data suggests some degree of reliability, plaintiffs fail at this juncture to plead facts allowing the Court to rely on the allegations in the Keystone Report. *See e.g. E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 930–32 (9th Cir. 2023) (in crypto-mining related case, plaintiffs alleged that third-party expert was "an economic consulting firm" that "specializes in distributed ledger and blockchain technology" led by individuals with PhDs in business economics who held academic, consulting, and business positions in which they specialized in the economics of blockchain.)[2] Plaintiffs indicate they can amend.

Plaintiffs otherwise rely on the statements of at least three former employees to plead falsity. However, the allegations fail to satisfy *Zucco Partners, LLC* v. *Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009), *as amended* (Feb. 10, 2009). Namely, plaintiffs fail to include details about these employees' job descriptions or facts to infer that these employees had access to relevant data. Standing alone, the testimony of these confidential witnesses cannot plead falsity as to these statements. Plaintiffs indicate they can amend.

To support falsity for the statements in category (4), plaintiffs contend that the Agency (controlled by IRL's Head of Growth) and Machine Learning LLC (controlled by Shehab Amin) passed IRL funds to proxy services and incent advertising firms. (*Id.* ¶ 71). However, the Court is not convinced that plaintiffs plead the details of these payments with sufficient particularity. Plaintiffs further fail to allege that the Agency was controlled by ILR's Head of Growth at the time of the Series C investment. As such, plaintiffs fail to plead that these statement are false or misleading.

---

[2] Although the Court does not reach scienter, plaintiffs are also advised to amend allegations relating to third party Stroz Friedberg for the same reasons.

Accordingly, the Court dismisses the Section 10(b) and Rule 10b-5 claim (Count 1) and the Section 20(a) claim (Count 2) with leave to amend.

## II.   CALIFORNIA CORPORATIONS CODE § 25401 (COUNT 3)

To satisfy the "in California" requirement, the geographic nexus for the claim must be to the offer or acceptance of the sale of the security, not to the misrepresentations. *See Zakinov v. Ripple Labs, Inc.*, 2020 WL 922815, at *16 (N.D. Cal. Feb. 26, 2020) (citing Cal. Corp. Code § 25008). Plaintiffs thus fail to plead facts to establish jurisdiction. The Court **GRANTS** the motion to dismiss the section 25401 claim with leave to amend.

## III.   COMMON LAW CLAIMS

### A.   Fraud Within Contract (Count 4)

Although plaintiffs fail to allege falsity under the federal securities statutes, plaintiffs nevertheless state a claim for common law fraud within contract. The Court **DENIES** the motion as to the fraud within contract claim.

### B.   Fraudulent Concealment (Count 5)

Plaintiffs allege that Noah Shafi and Shehab Amin made payments to proxy services and funneled funds to intermediary agencies. However, plaintiffs do not plead such facts with the requisite particularity required under Rule 9(b). The Court **GRANTS** the motion to dismiss with leave to amend. Should plaintiffs not have additional facts, then the option is not to re-assert insufficient claims but to request that leave remain an option for a defined period of time in the event discovery elucidates.

### C.   Conspiracy to Commit Fraud (Count 6); Aiding and Abetting Fraud (Count 7)

Plaintiffs fail to state a claim for conspiracy to commit fraud or aiding and abetting fraud. First, as noted, allegations relating to Noah Shafi and Shehab Amin's payments are not pled with particularity. Second, plaintiffs fail to plead facts establishing that Jacob Shafi, Shehab Amin, and Alia Shafi owed them any duty. Third, many allegations simply refer to "defendants" without identifying the role of each defendant. Fourth, plaintiffs fail to establish that acts of spoilation well after the Series C investment can lead to liability for the conspiracy alleged.

3

The Court **GRANTS** the motion to dismiss the conspiracy to commit fraud claim as to all defendants with leave to amend. On amendment, plaintiffs shall allege facts explaining each defendant's role in IRL and in the conspiracy as discussed at oral argument.

### D. Unjust Enrichment (Count 8)

Because the Court upholds the fraud within contract claim, and because an unjust enrichment claim may be sustained as claim for relief in the alternative, the Court **DENIES** the motion to dismiss the unjust enrichment claim.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the motion as to the fraud within contract (Count 4) and unjust enrichment (Count 8) claims as to plaintiff SVF Aggregator II. The Court **GRANTS** the motion as to all other claims with leave to amend and without prejudice.

Plaintiffs shall file an amended complaint within 30 days of this Order. On future briefing, the parties shall not repeat arguments on which a definitive ruling has been made, nor shall any argument be made that could have been brought in the first instance. Any subsequent motion to dismiss shall be filed within 45 days of the filing of the amended complaint. Defendants shall combine any motions to dismiss in a single omnibus motion.

This terminates Docket Nos. 45, 46, 47.

**IT IS SO ORDERED.**

Dated: May 2, 2024

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**