Kalpana Srinivasan (CA Bar No. 237460)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310)789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com

Stephen Shackelford, Jr (appearance *pro hac vice*)
Shawn Rabin (appearance *pro hac vice*)
Eve Levin (appearance *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
srabin@susmangodfrey.com
elevin@susmangodfrey.com

Kemper Diehl (appearance *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 373-7382
Facsimile: (206) 516-3883
kdiehl@susmangodfrey.com

*Attorneys for Defendant Abraham Shafi*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SVF II AGGREGATOR (DE) LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ABRAHAM SHAFI, GENRIKH KHACHATRYAN, YASSIN ANISS, NOAH SHAFI, and SHEHAB AMIN.<br><br>Defendants. | Case No.: 4:23-cv-03834-YGR<br><br>**DEFENDANTS' JOINT MOTION FOR ADMINISTRATIVE RELIEF EXTENDING DEADLINE FOR OMNIBUS MOTION TO DISMISS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

# NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants hereby move this Court for administrative relief under Local Rule 7-11 for an extension of 30 days to the deadline for Defendants' forthcoming Omnibus Motion to Dismiss the Plaintiff's Amended Complaint from the current deadline of August 6, 2024, to September 5, 2024.

The grounds for this motion are:

1. A 30-day extension is warranted because Defendants' motion to stay this proceeding pending a decision by the U.S. Supreme Court in *NVIDIA Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S.) is scheduled for hearing before this Court on August 20, 2024;

2. Denial of this extension will prejudice Defendants, who will be required to file their Omnibus Motion to Dismiss in reliance on legal precedent that is currently under review by the Supreme Court; and

3. An extension of 30 days pending this Court's resolution of Defendants' pending motion to stay this proceeding will promote the orderly course of justice by preventing the waste of resources.

Dated: July 22, 2024                                  Respectfully Submitted,

By:  /s/ Stephen Shackelford, Jr.
Stephen Shackelford, Jr. (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Eve Levin (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
srabin@susmangodfrey.com
elevin@susmangodfrey.com

| | |
|---|---|
| 1 | Kemper Diehl (*pro hac vice*) |
| 2 | **SUSMAN GODFREY L.L.P.** |
|   | 401 Union Street, Suite 3000 |
| 3 | Seattle, WA 98101 |
|   | Telephone: (206) 373-7382 |
| 4 | Facsimile: (206) 516-3883 |
|   | kdiehl@susmangodfrey.com |

Kemper Diehl (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 373-7382
Facsimile: (206) 516-3883
kdiehl@susmangodfrey.com

Kalpana Srinivasan (CA Bar No. 237460)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310)789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com

*Attorneys for Defendant Abraham Shafi*

*/s/ Adam J. Fee*
Adam J. Fee (SBN 345075)
Ben Nicholson (SBN 317970)
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Century City, CA, 90067
adamfee@paulhastings.com
bennicholson@paulhastings.com

*Counsel for Defendants Yassin Aniss,
Noah Shafi, and Shehab Amin*

*/s/ Mark L. Hejinian*
Mark L. Hejinian (SBN 281417)
Rees F. Morgan (SBN 229899)
**COBLENTZ PATCH DUFFY & BASS LLP**
One Montgomery Street, Suite 3000
San Francisco, CA  94104
ef-rfm@cpdb.com
ef-mlh@cpdb.com

*Counsel for Defendant
Genrikh Khachatryan*

3

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Abraham Shafi, Genrikh Khachatryan, Yassin Aniss, Noah Shafi, and Shehab Amin (collectively, "Defendants") respectfully move for administrative relief under Local Rule 7-11 and request that this Court extend the deadline for Defendants' Omnibus Motion to Dismiss Plaintiff's Amended Complaint by 30 days from August 6, 2024, to September 5, 2024. This extension is warranted because Defendants' Motion for a Stay of this proceeding is now pending before this Court with an anticipated hearing date of August 20, 2024. Dkt. 80. Absent an extension of Defendants' deadline to file their Omnibus Motion to Dismiss, currently due two weeks before the Court's hearing on the Defendants' Motion to Stay, Defendants will be forced to prepare a complete Motion to Dismiss and supporting Memorandum of Points and Authorities even though a key legal precedent from the Ninth Circuit on which the Motion to Dismiss will rely is currently under review by the U.S. Supreme Court.

As described in Defendants' Motion to Stay, the Supreme Court's forthcoming decision in *NVIDIA Corp. v. E. Ohman J:Or Fonder AB,* No. 23-970 (U.S.) will determine the legal standard applicable to Defendants' Motion to Dismiss. Requiring the parties to forge ahead with motion to dismiss briefing while the Ninth Circuit's key precedent is under review, and while this Court considers Defendants' Motion to Stay this proceeding, would be inefficient and waste resources.

## BACKGROUND

On May 2, 2024, this Court dismissed the federal securities fraud claims in Plaintiff's intial Complaint. Dkt. 69. As the Court explained, "[t]o support falsity, . . . plaintiffs mostly rely on the findings of the Keystone Report and information from confidential witnesses. . . . [P]laintiffs fail at this juncture to plead facts allowing the Court to rely on the allegations in the Keystone Report." *Id.* at 2. In reaching that conclusion, the Court expressly relied on the case *E. Ohman J:Or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 930–32 (9th Cir. 2023), the Ninth Circuit's leading precedent setting out the circumstances under which a securities fraud plaintiff may rely on expert reports at the pleading stage. *Id.* at 2.

On June 3, 2024, SoftBank filed an Amended Complaint, elaborating on certain allegations regarding the Keystone Report, dropping certain defendants, and adding Defendant Genrikh

Khachatryan for the first time. *See* Amended Compl., Dkt. 70. Defendants' omnibus motion to dismiss the Amended Complaint is due August 6, 2024. Dkt. 75.

On June 17, 2024, the Supreme Court granted certiorari in *NVIDIA Corp. v. E:Ohman J:Or Fonder AB*, No. 23-9170 (U.S.)—an appeal from the same Ninth Circuit case that supplied the governing rule of decision on Defendants' first motion to dismiss in this case. *See* Petition for Certiorari, *NVIDIA Corp. v. E:Ohman J:Or Fonder AB*, No. 23-9170 (U.S.), 2024 WL 989551, at (i). In that case, the Supreme Court will resolve whether and how a securities fraud plaintiff (such as SoftBank here) may rely on an expert report (such as the Keystone Report here) to plead the falsity element of securities fraud claims. This was the dispositive issue in this Court's grant of the first motion to dismiss SoftBank's federal securities fraud claims.

## ARGUMENT

While this Court considers Defendants' motion to stay this proceeding pending the Supreme Court's decision in *NVIDIA*, it should extend the deadline for Defendants' Omnibus Motion to Dismiss by a short amount of time. The Court is scheduled to hear Defendants' motion to stay on August 20, 2024. Dkt. 80. Defendants' Omnibus Motion to Dismiss is due on August 6, 2024. Dkt. 75.

If the Court decides to stay this proceeding in light of the Supreme Court's pending review of the key Ninth Circuit precedent at issue in this matter, it will have been a waste of resources for Defendants to have prepared an entire Omnibus Motion to Dismiss based on the Ninth Circuit's existing law. Regardless of whether the Supreme Court upholds or overturns the Ninth Circuit's decision in *E. Ohman J:Or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 930–32 (9th Cir. 2023), the parties and Court will necessarily need to consider the Supreme Court's decision in their motion to dismiss briefing.

There is no reason for the parties to proceed with briefing the motion to dismiss while the Court considers Defendants' motion to stay. A short extension of 30 days for the deadline to file Defendants' Omnibus Motion to Dismiss will cause no prejudice to Plaintiff. "There is no allegation of ongoing violations, and Plaintiff is not seeking injunctive relief." *Sanchez v. Green Messengers, Inc.*, 666 F. Supp. 3d 1047, 1053 (N.D. Cal. 2023). At the same time, forcing Defendants to proceed

1  with preparing a Memorandum of Points and Authorities in support of their Omnibus Motion to
2  Dismiss that may shortly be mooted is prejudicial to Defendants. It risks causing Defendants to brief
3  the motion to dismiss Plaintiff's Amended Complaint twice.  It is for that reason that courts in this
4  district regularly grant stays pending the outcome of Supreme Court cases that affect the legal
5  standards governing the case.  *See, e.g., McElrath v. Uber Technologies, Inc.*, 2017 WL 1175591 ,
6  at *6 (N.D. Cal. Mar. 30, 2017); *Larroque v. First Advantage Lns Screening Sols., Inc.*, No. 15-CV-
7  04684-JSC, 2016 WL 39787, at *2 (N.D. Cal. Jan. 4, 2016); *Ramirez v. Trans Union, LLC*, No. 12-
8  CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015). A short extension of 30 days
9  promotes the interests of justice by preventing the potential waste of resources.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court extend the deadline for Defendants' Omnibus Motion to Dismiss by 30 days from August 6, 2024, to September 5, 2024.

Dated:  July 22, 2024                                          Respectfully Submitted,

By:  /s/ Stephen Shackelford, Jr.

/s/ Ben Nicholson
Adam J. Fee (SBN 345075)
Ben Nicholson (SBN 317970)
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, 27th Floor
Century City, CA, 90067
adamfee@paulhastings.com
bennicholson@paulhastings.com

*Counsel for Defendants Yassin Aniss, Noah Shafi, and Shehab Amin*

/s/ Mark L. Hejinian
Mark L. Hejinian (SBN 281417)
Rees F. Morgan (SBN 229899)
**COBLENTZ PATCH DUFFY & BASS LLP**
One Montgomery Street, Suite 3000
San Francisco, CA  94104
ef-rfm@cpdb.com
ef-mlh@cpdb.com

Stephen Shackelford, Jr. (*pro hac vice*)
Shawn Rabin (*pro hac vice*)
Eve Levin (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
srabin@susmangodfrey.com
elevin@susmangodfrey.com

Kemper Diehl (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 373-7382
Facsimile: (206) 516-3883
kdiehl@susmangodfrey.com

Kalpana Srinivasan (CA Bar No. 237460)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

| | |
|---|---|
| *Counsel for Defendant*<br>*Genrikh Khachatryan* | Telephone: (310)789-3100<br>Facsimile: (310) 789-3150<br>ksrinivasan@susmangodfrey.com |
| | *Attorneys for Defendant Abraham Shafi* |

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Notice and Motion to Stay. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: July 22, 2024                    By: *Stephen Shackelford, Jr.*
                                              Stephen Shackelford, Jr.
                                              *Counsel on behalf of Defendant Abraham Shafi*