Kalpana Srinivasan (CA Bar No. 237460)
**SUSMAN GODFREY L.L.P**.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310)789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com

Stephen Shackelford, Jr (appearance *pro hac vice*)
Shawn Rabin (appearance *pro hac vice*)
Eve Levin (appearance *pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshackelford@susmangodfrey.com
srabin@susmangodfrey.com
elevin@susmangodfrey.com

Kemper Diehl (appearance *pro hac vice*)
**SUSMAN GODFREY L.L.P**.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 373-7382
Facsimile: (206) 516-3883
kdiehl@susmangodfrey.com

*Attorneys for Defendant Abraham Shafi*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVF II AGGREGATOR (DE) LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ABRAHAM SHAFI, GENRIKH KHACHATRYAN, YASSIN ANISS, NOAH SHAFI, and SHEHAB AMIN.<br><br>Defendants. | Case No.: 4:23-cv-03834-YGR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR OMNIBUS MOTION TO STAY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date: August 20, 2024<br>Time: 9:00 a.m. |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Abraham Shafi, Genrikh Khachatryan, Yassin Aniss, Noah Shafi, and Shehab Amin (collectively, "Defendants") respectfully submit this Reply in support of their request to stay this action pending the outcome of the Supreme Court's decision in *NVIDIA Corp. v. E. Ohman J:Or Fonder AB,* No. 23-970 (U.S.). Since the filing of Defendants' motion to stay, the Supreme Court set the oral argument in *NVIDIA* in the Fall, as Defendants predicted in their opening brief. The case will be heard November 13, 2024, less than a month after briefing on the motion to dismiss the Amended Complaint here concludes.

**ARGUMENT**

**I.      SoftBank will suffer no prejudice if a stay is granted.**

SoftBank's claimed hardship—that the factual record will dissipate over the course of a finite, brief stay—is baseless. SoftBank's argument that a stay of several months will jeopardize the record lacks credibility given that SoftBank's corporate affiliate, through the same counsel representing SoftBank here, has argued to stay the case in the Delaware Chancery Court for the *entirety* of the pendency of this case—an indeterminate, potentially yearslong stay. A short, definite stay will not materially change the status of the factual record.

*Lathrop v. Uber Techs, Inc.*, No. 14-cv-05678, 2016 WL 97511 (N.D. Cal. Jan 8, 2016), cited by Softbank, is not to the contrary, and in fact underscores the absence of any meaningful prejudice. There, the court observed that an *indeterminate* stay in a case involving hard-to-reach class members raised the risk of dissipating evidence. *Id.* at *4. None of those concerns are posed here.

SoftBank's assertion that Defendants have a pattern of evidence destruction is entirely untrue, and SoftBank cites nothing other than self-serving characterizations in its Amended Complaint in defense of that assertion. As Defendants will explain in their forthcoming motion to dismiss, even those characterizations do not plausibly *allege* document destruction, let alone *prove* any document destruction. And in any event, unlike in the typical case, SoftBank and its venture-capital allies have been in control of IRL and its documents—the key evidence in this case—for

more than a year.  It is SoftBank—not Defendants—who are the custodians of the crucial documents. Many of Defendants' personal devices were already imaged by IRL in connection with its response to SEC subpoenas.  There is no risk this evidence will now be destroyed (unless SoftBank and its fellow venture capitalists controlling IRL do the destroying).  Moreover, even if there were such a risk—and there is not—a short, finite stay to allow the Supreme Court to rule on key precedent would not meaningfully change that risk.

Finally, SoftBank cites nothing for the proposition that the presence of the related litigation in Delaware Chancery somehow entitles SoftBank to press forward here despite the clear prejudice to Defendants.  There is no first-filed-always-stays-first principle.  In fact, SoftBank's affiliate and its counsel here have vigorously argued in Delaware Chancery that the cases involve the same issues and the same parties, so the presence of parallel litigation should *assuage* SoftBank's concerns that discovery will somehow go stale in the coming months, as—on that account—the parties will be taking discovery in the interim anyway.

**II.     The parties will likely have to brief the issues in the motion to dismiss twice if a stay is not granted.**

Defendants need not show that *NVIDIA* will "settle every question of fact and law" to justify a stay.  *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). And SoftBank is wrong to downplay the case's import.  SoftBank claims that "[a]t most, that decision *might* inform the analysis of one category of misrepresentations, for two claims out of ten, asserted against one of five defendants." Dkt. No. 83 ("Opp.") at 2.  But one need look no further than this Court's decision on the first motion to dismiss to know that is untrue. This Court's Order explained that "[t]o support falsity for the statements in categories (1), (2), (3), (5), and (6)"—five out of six total categories—"plaintiffs mostly rely on the findings of the Keystone Report."  Dkt. No. 69 ("MTD Order") at 2. It then applied *E. Ohman J:Or Fonder*, determining that under that precedent, SoftBank could not rely on the Keystone Report for those five categories of misrepresentations and that its claims based on them therefore would be dismissed.  *Id.*

Nor are the claims governed by *E. Ohman J:Or Fonder* simply "two claims out of ten."

2

DEFENDANTS' REPLY ISO MOTION TO STAY                                          CASE NO. 4:23-cv-03834-YGR

Rather, they are the *only* federal claims in the case. Because SoftBank has not properly pleaded diversity jurisdiction,[1] dismissal of the federal claims ordinarily would result in dismissal of the state claims, too.

In opposing the present motion, SoftBank argues that its allegations about IRL's user acquisition methods have "nothing to do with" its other theories of fraud (and therefore would not be affected by the *NVIDIA* decision), but in opposing Abraham Shafi's initial Motion to Dismiss, SoftBank argued precisely the opposite, insisting that Abraham's effort to address each alleged misstatement "fail[ed] to respond to SoftBank's broader allegation," because "[u]nderstanding how the many elements of the Defendants' scheme worked together is essential . . . [and] each misstatement contributed to a wider fraudulent scheme." Dkt. No. 49 at 7.

Finally, quoting stray language from the *NVIDIA* certiorari petition, SoftBank appears to imply that the Ninth Circuit's decision in *E. Ohman J:Or Fonder* does not apply to this case. But this Court's decision on the first motion to dismiss, as well as the arguments raised in the briefing on that motion, belie that notion. If the Supreme Court reverses *E. Ohman J:Or Fonder* and adopts the majority approach prohibiting securities plaintiffs from relying on putative expert opinions to plead falsity, that decision will indisputably bear on the disposition of this case.

---

[1] The citizenship of a limited liability company like Plaintiff SVF II Aggregator (DE) LLC is determined by the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). SoftBank alleges that its sole member is SVF II Investment Holdings (Subco) LLC, another limited liability company whose citizenship is in turn determined by the citizenship of its members. *See* Dkt. No. 70 ¶ 21. But the Amended Complaint makes no allegations about SVF II Investment Holdings (Subco) LLC's members. *See id*. Accordingly, the Amended Complaint does not adequately allege diversity jurisdiction, and the only basis for exercising jurisdiction over any surviving state-law claims would be supplemental jurisdiction. *See, e.g.*, *Long v. Forty Niners Football Co. LLC*, 2013 WL 12155290, at *2 (N.D. Cal. Oct. 23, 2013) ("[W]here unincorporated entities are members of, or partners in, another unincorporated entity, 'the citizenship must be traced through however many layers of members or partners there may be.'"). Because "[a] district court should normally decline to exercise supplemental jurisdiction over supplemental state-law claims once all federal claims have been dismissed," *Egan v. Cnty. of Del Norte*, No. 12-CV-05300 NJV, 2014 WL 46609, at *5 (N.D. Cal. Jan. 6, 2014), this Court should do the same, should it dismiss the federal claims here.

**III.    The case will not necessarily proceed no matter the results of *NVIDIA*, and staying the case will preserve the orderly course of justice.**

Staying the case for a finite period will preserve the orderly course of justice. SoftBank is wrong that the state law fraud claims in this case will proceed no matter the outcome of *NVIDIA*; as Defendants' forthcoming motion to dismiss will explain, SoftBank's Amended Complaint materially amended its state law claims—including in respects that made them *weaker* than those alleged in the initial Complaint—after SoftBank was forced to remove unfounded allegations included in its initial Complaint and to admit other allegations it had attempted to keep out of its pleadings but incorporated by reference into its initial Complaint. The Court's decision with respect to those original, materially different claims does not dictate whether the claims in the operative Amended Complaint can survive the motion to dismiss. Additionally, SoftBank added Genrikh Khachatryan as a Defendant in its Amended Complaint, who was not a party to and is not bound by the Court's prior decision.

In any event, the relevant question is not merely whether the case will need to proceed to discovery either way, because discovery is not the only harm Defendants will suffer if the case is not stayed. Irrespective of whether the case will eventually proceed to discovery, absent a brief stay, the parties and the Court will likely need to address the issues in the motion to dismiss twice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court stay the proceedings pending the outcome of the Supreme Court's *NVIDIA* case.

Dated:  August 1, 2024                                    Respectfully Submitted,

                                                          By:  *Stephen Shackelford, Jr.*

Adam J. Fee (SBN 345075)                                  Stephen Shackelford, Jr. (*pro hac vice*)
Ben Nicholson (SBN 317970)                                Shawn Rabin (*pro hac vice*)
**PAUL HASTINGS LLP**                                     Eve Levin (*pro hac vice*)
1999 Avenue of the Stars, 27th Floor                      **SUSMAN GODFREY L.L.P.**
                                                          1301 Avenue of the Americas, 32nd Fl.

4

| | |
|---|---|
| Century City, CA, 90067<br>adamfee@paulhastings.com<br>bennicholson@paulhastings.com<br><br>*Counsel for Defendants Yassin Aniss,<br>Noah Shafi, and Shehab Amin*<br><br>Rees F. Morgan (SBN 229899)<br>Mark L. Hejinian (SBN 281417)<br>**COBLENTZ PATCH DUFFY & BASS LLP**<br>One Montgomery Street, Suite 3000<br>San Francisco, CA  94104<br>ef-rfm@cpdb.com<br>ef-mlh@cpdb.com<br><br>*Counsel for Defendant<br>Genrikh Khachatryan* | New York, New York 10019<br>Telephone: (212) 336-8330<br>Facsimile: (212) 336-8340<br>sshackelford@susmangodfrey.com<br>srabin@susmangodfrey.com<br>elevin@susmangodfrey.com<br><br>Kemper Diehl (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 373-7382<br>Facsimile: (206) 516-3883<br>kdiehl@susmangodfrey.com<br><br>Kalpana Srinivasan (CA Bar No. 237460)<br>**SUSMAN GODFREY L.L.P.**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067<br>Telephone: (310)789-3100<br>Facsimile: (310) 789-3150<br>ksrinivasan@susmangodfrey.com<br><br>*Attorneys for Defendant Abraham Shafi* |

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file Defendants' Reply in Support of Their Omnibus Motion to Stay. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: August 1, 2024  By: */s/ Stephen Shackelford, Jr.*
Stephen Shackelford, Jr.
*Counsel on behalf of Defendant Abraham Shafi*